IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAVIER ARELLANO            §
    TDCJ-CID NO. 653994    §
v.                         §          C.A. NO. C-10-211
                §
RICK THALER                §

### MEMORANDUM AND RECOMMENDATION TO
### GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas.  (D.E. 1).  On June 21, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging the Texas Department of Criminal Justice ("TDCJ") denied him Due Process by conducting an improper and biased disciplinary hearing and by withholding exculpatory evidence.  (D.E. 2, at 1-2).  Pending is Respondent's motion for summary judgment.  (D.E. 13). Petitioner has failed to file a response.[1]  For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted, and that this habeas action be dismissed.

### I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

inmate is confined, or where the conviction was obtained.  <u>Wadsworth v. Johnson</u>,

235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is confined in Beeville, Texas.

(D.E. 1).  Jurisdiction is, therefore, proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On December 20, 1993, Petitioner was convicted of possession of marijuana

and murder.  (D.E. 12, Ex. A, at 4).  He was sentenced to thirty years imprisonment

for each offense, to run concurrently.  <u>Id.</u>  While incarcerated, he was charged on

March 5, 2010 with assaulting an officer, failing to obey orders, and possession of

contraband.  Disciplinary Hearing Record ("DHR"), at 1.  He pled not guilty to the

assault charge, and guilty to the other two offenses.  <u>Id.</u>  After a disciplinary

hearing, Petitioner was found guilty of all three offenses.  <u>Id.</u>  As punishment, he

received the loss of thirty days of good-time credit, thirty days of recreation

privileges, and a reduction in line class from S3 to L1.  <u>Id.</u>

On March 12, 2010, Petitioner filed a Step 1 grievance appealing the guilty

finding, and attacking its evidentiary basis and the hearing officer's failure to

review video footage of the incident.  Disciplinary Grievance Record ("DGR"), at

1.  That grievance was returned for failure to request relief.  <u>Id.</u> at 2.  On March 17,

2010, Petitioner filed a second Step 1 grievance essentially reiterating the same

claims.  <u>Id.</u> at 7-8.  The grievance was rejected.  <u>Id.</u> at 8.  On April 28, 2010,

2

Petitioner filed a Step 2 grievance, again attacking the two initial claims, and adding claims regarding inadequate investigation and improper procedure.  Id. at 5-6.  That grievance was also rejected.  On June 21, 2010, Petitioner filed his petition for habeas corpus with this Court.  (D.E. 1).

## III.  PETITIONER'S ALLEGATIONS

Petitioner raises two grounds for habeas relief.  He asserts that his hearing violated proper procedure because it was presided over by a single disciplinary hearing officer ("DHO"), instead of three, and because that officer was a member of the same department as the officer involved in the incident and therefore biased. Moreover, he claims that exculpatory evidence was not reviewed by the DHO, or made available to Petitioner.  (D.E. 1, at 6).

## IV.  DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner has not exhausted his administrative remedies and that he has failed to allege a deprivation actionable under federal habeas law.  (D.E. 13, at 5-11).

**A.    The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations

omitted).  Summary judgment is appropriate when there is no disputed issue of

material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(c).  Courts must consider the record as a whole, including all pleadings,

depositions, affidavits, interrogatories and admissions on file, in the light most

favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451

(5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of

demonstrating the absence of a genuine issue of material fact and informing the

court of the basis for its motion by identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);

Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).  Any

controverted evidence must be viewed in the light most favorable to the non-

movant, and all reasonable doubts must be resolved against the moving party.  See

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams, 836 F.2d at

960 (citation omitted).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that a genuine issue of material fact remains for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

<u>Fields v. City of S. Houston</u>, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation

omitted).  The non-movant cannot merely rest on the allegations of the pleadings,

but must establish that there are material controverted facts in order to preclude

summary judgment.  Fed. R. Civ. P. 56(e); <u>Anderson v. Liberty Lobby, Inc.</u>, 477

U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the

non-movant fails to make a showing sufficient to establish the existence of an

element essential to his case on which he bears the burden of proof.  <u>Celotex</u>, 477

U.S. at 322-23; <u>ContiCommodity Servs., Inc. v. Ragan</u>, 63 F.3d 438, 441 (5th Cir.

1995) (citations omitted).

**B.      Failure to Exhaust Administrative Remedies.**

Respondent avers that Petitioner failed to exhaust his administrative

remedies with respect to both of his claims.  (D.E. 13, at 5-8).  He contends that

Petitioner's claim that his hearing transgressed proper protocol when a single DHO

from the same department as the officer involved in the incident was allowed to

oversee the proceedings does not appear in either of Petitioner's grievances.  (D.E.

13, at 6).  He further asserts that Petitioner's claim that exculpatory evidence was

withheld was omitted from Petitioner's Step 1 grievance.  <u>Id.</u>

A federal writ of habeas corpus from an inmate in state custody shall not be

granted unless the inmate has exhausted his remedies at law in the state courts, or

there is an absence of state court remedies or circumstances that render state

remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1);

Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  The

exhaustion requirement is satisfied when the substance of the federal habeas claim

has been fairly presented to the highest court of the state.  See O'Sullivan v.

Boerckel, 526 U.S. 838, 842 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th

Cir. 1982).  However, because Texas state courts do not review the results of

prison disciplinary proceedings, a petitioner is required to pursue his claims

through the prison administrative appeals process, rather than state court.  Ex parte

Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc).

The TDCJ provides a two-step procedure for presenting administrative

grievances.  Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam).  An

inmate properly exhausts a claim by presenting it in Step 1 and Step 2 grievances.

Morgan v. Dretke, 433 F.3d 455, 457 (5th Cir. 2005).

Where a petitioner "fails to exhaust available state remedies and 'the court to

which the petitioner would be required to present his claims in order to meet the

exhaustion requirement would now find the claims procedurally barred,'" then the

claims are procedurally defaulted.  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.

1997) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  Federal

habeas corpus relief may only be granted on procedurally defaulted claims if a
petitioner "can demonstrate cause for the default and actual prejudice as a result of
the alleged violation of federal law or demonstrate that failure to consider the
claims will result in a fundamental miscarriage of justice."  Moawad v. Anderson,
143 F.3d 942, 947 (5th Cir. 1998) (citation omitted).  Notwithstanding a
petitioner's failure to exhaust state remedies, an application for a writ of habeas
corpus may be denied on the merits.  28 U.S.C. § 2254(b)(2).

> **1.    Petitioner did not exhaust his administrative remedies with
> respect to his challenge to prison procedural violations in his
> disciplinary hearing.**

None of Petitioner's grievances note the fact that his hearing was presided
over by a single DHO, as opposed to three.  Nor do any of them mention that this
DHO served in the same department as the officer involved in the March 4, 2010
incident.  Petitioner does not allege that he was prevented from learning of these
purported procedural flaws before he filed his grievances, and it is implausible to
believe that he was not fully cognizant of them at the time.

Furthermore, the record evinces no indication that Petitioner was deprived
of any of the rights enumerated in Wolff v. McDonnell, 418 U.S. 539, 564-66
(1974).  Indeed, he points to no evidence suggesting that the purported procedural
defects actually biased his hearing, or influenced its outcome in any way.  There is

thus no apparent cause for the default, no prejudice, and no fundamental miscarriage of justice.  Moawad, 143 F.3d at 947.

Finally, the Fifth Circuit has explained that in extraordinary circumstances the exhaustion requirement may be inapplicable.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).  Petitioner does not raise any extraordinary circumstances in his filings.  Moreover, a review of the record as a whole does not reveal any.

Accordingly, it is respectfully recommended that Petitioner failed to exhaust his administrative remedies with respect to the alleged procedural violations of his disciplinary hearing, and that his claims in that regard should therefore be dismissed without prejudice.

> **2.      Petitioner did exhaust his administrative remedies with respect to his challenge to the withholding of exculpatory evidence.**

Petitioner devoted the majority of his first Step 1 grievance, which was submitted on March 12, 2010 and returned for failure to request relief, to elaborating the argument that the video footage of the incident would exonerate him of the assault charges.  DGR, at 1.  The second Step 1 grievance, submitted five days later, reiterated Petitioner's complaint that the video evidence was not reviewed at his hearing.  Id. at 7.  On April 28, 2010, prison authorities received the Step 2 grievance, which maintained that Petitioner's counsel was "not allowed

to review the tape" and blamed that fact in part for his wrongful conviction of assault.  Id. at 5.

The purpose of the administrative exhaustion requirement is to ensure that prison officials receive fair notice of the problems that form the bases of habeas actions challenging their actions before federal courts cast judgment on them.  See Johnson v. Johnson, 385 F.3d 503, 516 (5th Cir. 2004) ("In deciding how much detail is required in a given case, we believe that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally.'") (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002)).  With that purpose in mind, Respondent's suggestion that Petitioner's "second claim, that he was denied access to evidence that would have allowed him to prove his innocence, was not raised in his step one grievance," should be rejected.  (D.E. 13, at 6).

While Petitioner's articulation of that claim in his Step 1 grievances was not as perspicacious as it could have been, it at least strongly intimated that Petitioner believed himself, his counsel, and the DHO had been prevented from viewing the video footage by prison authorities.  Most obviously, this belief could have been inferred from Petitioner's decision to use the future tense in his second, successfully submitted Step 1 grievance when discussing the effect the video

9

<u>would have</u> had upon the proceedings had it been considered: "If the use of force video tape <u>would</u> <u>have</u> been reviewed as was requested during my hearing, it <u>would</u> [have] reveal[ed] that I never assaulted" the officer.  DGR, at 7 (emphases added).

Furthermore, the Step 2 grievance clearly demonstrates that Petitioner had been attempting to attack the withholding of the tape, however sketchily, in his previous grievance.  In the Step 2 grievance, he unequivocally writes that his counsel and the DHO "were not allowed to review the tape [and] that failure ... allowed an innocent man to be convicted."  <u>Id.</u> at 5.  Given that Respondent does not propose that the Step 2 grievance omitted the claim, and given that the Step 2 grievance is only slightly clearer and more focused on the point, Respondent's argument that the complaint is totally absent from the Step 1 grievance is unpersuasive.  Prison authorities demonstrably had fair notice of the problem that formed the basis of Petitioner's suit.  For the same reasons that <u>pro</u> <u>se</u> habeas petitions are construed liberally, habeas review should not be foreclosed because of inartful or slightly convoluted prison grievances.  <u>See</u> <u>Holloway v. Gunnell</u>, 685 F.2d 150, 154 ("plaintiff drafted his own complaint, and we do not think that a pro se complaint should be dismissed on its face by a technical reading of the available administrative procedures when plaintiff has made detailed allegations showing a

substantial effort to obtain an administrative remedy.") (citing Estelle v. Gamble,

429 U.S. 97, 106 (1976)).

Finally, even if the Court agrees with Respondent that Petitioner exhausted

administrative remedies with respect to this claim, dismissal would still not be

appropriate.  The exhaustion requirement can be excused where prison officials

ignore a prisoner's pursuit of relief.  See id. (citation omitted).  Here, Petitioner

expressed his desire for himself, his counsel, and prison authorities to view the

videotape, and his displeasure that it was being withheld from all parties.  To the

extent that he failed to exhaust the claim by not expressing it clearly enough,

prison officials were still aware of the complaint and could have attempted to

provide relief.

Accordingly, it is respectfully recommended that Petitioner did exhaust

available administrative remedies with respect to his challenge to the withholding

of exculpatory evidence, or in the alternative that the exhaustion requirement

should be excused with respect to that claim.

## C.  Petitioner's Challenge Does Not Invoke A Constitutionally Protected Right.

Respondent argues that Petitioner's challenges to his loss of recreation

privileges and his reduction in line class fail to state constitutional deprivations for

purposes of federal habeas jurisprudence.  (D.E. 13, at 8-10).  He further argues

11

that Petitioner's challenge to his loss of good-time credits does not invoke a

protected liberty interest, and that none of Petitioner's claims therefore survive

summary judgment.  Because these claims fail to present any constitutional claims,

it is respectfully recommended that summary judgment be granted.

A petitioner challenging a disciplinary hearing must show that the

punishment intrudes on a protected liberty interest "so as to entitle him to those

minimum procedures appropriate under the circumstances and required by the due

process clause to insure that the state-created right is not arbitrarily abrogated."

Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also

Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot

be had 'absent the allegation by a plaintiff that he or she has been deprived of some

right secured to him or her by the United States Constitution or the laws of the

United States'") (citation omitted).  The Supreme Court has explained that "these

[liberty] interests will be generally limited to freedom from restraint which, while

not exceeding the sentence in such an unexpected manner as to give rise to

protection by the Due Process Clause of its own force ..., nonetheless imposes

atypical and significant hardship ... in relation to the ordinary incidents of prison

life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  The Fifth

Circuit has further explained that "these interests are generally limited to state

created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

### 1.   Petitioner had no liberty interest in his recreation and commissary privileges.

Petitioner challenges his disciplinary proceeding in part because of the limitations imposed upon his commissary and recreation privileges.[2] (D.E. 2, at 2). However, the loss of commissary and recreation privileges are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[Petitioner's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivations in which a state might create a liberty interest.").

As a result of Petitioner's disciplinary conviction, he lost commissary and recreation days.  The Supreme Court and Fifth Circuit have addressed these issues directly and concluded they are not the type of liberty interests protected by the Fourteenth Amendment.  Thus, it is respectfully recommended that Petitioner's challenge to his reduction in commissary and recreation privileges does not invoke liberty interests.

---

[2] Petitioner suggests that he received a thirty-day restriction of both his commissary and his recreation privileges.  (D.E. 1, at 5).  However, the record contains evidence only of the latter punishment.  DHR, at 1.  Nonetheless, the Memorandum and Recommendation addresses both issues together, as the same rule applies.

### 2.     Petitioner had no liberty interest in his line class status.

Petitioner emphasizes his reduction in line class as one of the most significant adverse consequences flowing from his allegedly flawed disciplinary hearing.  (D.E. 2, at 2).  The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status.  <u>Malchi</u>, 211 F.3d at 958-59; <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Accordingly, it is respectfully recommended that Petitioner fails to state a claim based on the change in his line class, and dismissal is appropriate.

### 3.     Petitioner had no liberty interest in his good-time credits.

Finally, Petitioner challenges his loss of good-time credits.  (D.E. 2, at 1). Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program.  <u>Madison</u>, 104 F.3d at 768.  Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence.  <u>Ex parte Hallmark</u>, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1, § 4) (now codified at Tex. Gov't Code § 498.003(a)).  An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole. <u>Malchi</u>, 211 F.3d at 957 (quoting <u>Madison</u>, 104 F.3d at 768); <u>see</u> <u>also</u> <u>Orellana v.</u>

Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has

no liberty interest in obtaining parole in Texas).  Thus, to the extent Petitioner

claims that his loss of good-time credits adversely affects his parole eligibility, he

fails to state a constitutional claim.

The Texas Court of Criminal Appeals has held that inmates who are eligible

for release to mandatory supervision do have a protected liberty interest in that

release.  See Ex parte Geiken, 28 S.W.3d 553, 558-59 (Tex. Crim. App. 2000) (en

banc).  To have a liberty interest in mandatory supervision, the inmate must be

eligible for such supervised release.  See Malchi, 211 F.3d at 957-58 (only

sanctions that result in the loss of good-time credits for inmates who are eligible

for release on mandatory supervision or that otherwise directly and adversely affect

release on mandatory supervision will impose upon a liberty interest) (citations

omitted).  Pursuant to Texas law, inmates are not eligible for release to mandatory

supervision if they are serving a sentence for certain crimes.  See Tex. Gov't Code

§ 508.149; accord Kossie v. Crain, 602 F. Supp. 2d 786, 791 (S.D. Tex. 2009).

Petitioner was convicted of murder, which bars him from consideration for

mandatory supervision.  Tex. Gov't Code § 508.149; see also Tex. Penal Code §

19.02 (murder statute).  Thus, to the extent Petitioner claims that his loss of good-

time credits adversely affects his eligibility for mandatory supervision, he fails to

state a constitutional claim.

Therefore, because Petitioner has no liberty interest in his good-time credits with respect to either parole or mandatory supervision, it is respectfully recommended that he fails to state a claim based on his loss of good-time credits. It is further respectfully recommended that none of Petitioner's claims invoke constitutionally protected rights and that his complaint should therefore be dismissed.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this

17

denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 13), be granted, and this habeas petition, (D.E. 1), be dismissed.  Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 29th day of September 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

19